JONES, Justice,
concurring in part and dissenting in part.
I concur in the Court’s opinion for the most part, including the analysis in Section IIIA and B, as well as most of C, but disagree with the conclusion in Section IIIC that the City Council need not have addressed the P & Z Commission’s findings or decision. It is my belief that, even though the City Council had the ability to review the application de novo, it had the obligation to make a reasoned decision, which included an obligation to explain its departure from the findings and conclusions of the P & Z Commission, the initial finder of fact. As I explained in Section II of my dissent in Davisco Foods Intern. v. Gooding County, 141 Idaho 784, 794-5, 118 P.3d 116, 126-7 (2005):
The Court adheres to the rule that under the APA, when an agency’s findings disagree with the hearing officer’s recommended order, the reviewing court still examines the agency’s findings and whether they are supported by substantial evidence. Pearl v. Bd. of Prof'l Discipline, 137 Idaho 107, 112, 44 P.3d 1162, 1167 (2002). But, in such cases the Court “will scrutinize the agency’s findings more critically,” since the Court imposes on agencies “an obligation of reasoned decision making that includes a duty to explain why the agency differed from the administrative law judge.” Id.
Our Court of Appeals first adopted this rule in Woodfield v. Bd. of Prof'l Discipline, 127 Idaho 738, 746, 905 P.2d 1047, 1055 (Ct.App.1995). In Woodfield the Board of Professional Discipline of the State Board of Medicine issued an order *213 revoking the appellant physician’s license to practice medicine. The hearing officer had expressed concerns with the physician’s conduct but did not recommend the physician’s license be revoked. The Board of Medicine conducted an independent review and “departed] significantly” from the hearing examiner’s findings. 127 Idaho at 743, 905 P.2d at 1052. On review, the district court required the Board of Medicine to articulate its reasons for departing from the hearing examiner’s decision. The Court of Appeals agreed, explaining:
[I]t is consistent with the Board’s statutory obligation to render a reasoned decision to require the Board to identify facts, as well as inferences drawn from the facts upon the application of its expertise and judgment, which underlie its decision. Such an explanation is essential to meaningful judicial review, and it is a logical adjunct to the agency’s statutory duty to supplement its decisions with findings of fact and conclusions of law.
127 Idaho at 747, 905 P.2d at 1056. The court grafted this rule from several federal cases involving the federal Administrative Procedure Act. Id. at 746 n. 3, 905 P.2d at 1055 n. 3. Because the court was not satisfied the Board of Medicine had met its obligation, the court remanded the Board of Medicine’s decision “to delineate its own findings as the basis for its contrary conclusion to that of the hearing officer.” Id. at 747, 905 P.2d at 1056.
This Court has not considered whether to extend Woodfield to cases under LLUPA where the county board of commissioners reverses its planning and zoning commission. Why the principle would not apply in such cases, however, I cannot say. Just as agencies must issue a reasoned statement for their conclusions — I.C. § 67-5248 (which requirement formed part of the basis for the court’s rule in Woodfield, see 127 Idaho at 746, 905 P.2d at 1055) — so, too, must county boards of commissioners issue a reasoned statement explaining their decisions under LLUPA. I.C. § 67-6535. If the APA’s reasoned statement requirement produced the rule in Wood-field, one could reasonably conclude the rule would apply to decisions that must conform to I.C. § 67-6535.
In Woodfield the hearing officer played the role of initial fact finder, making recommended findings and conclusions. The Board of Medicine was the decision-making entity and had the right and authority to depart from the findings and conclusions proposed by the hearing officer. In this case, it appears the City Council exercised its prerogative to conduct a de novo hearing and, thus, was the decision-making entity. As in Woodfield, the decision-making entity in a planning and zoning matter should provide an explanation for departing from the findings and conclusions made by the initial fact finder.
The situation here is that the P & Z Commission made five findings of fact regarding Turner’s application. The City Council’s findings are identical, except for the fifth finding. In that finding, the P & Z Commission stated, “Blue Lakes Boulevard is a gateway arterial and a main entrance into Twin Falls.” The City Council added to this sentence that, “The City has worked to improve the appearance of its gateway entrances to the City. A120’ lattice transmission/receiving tower at this location would be unsightly and appear to be out of place in this area. A television station without the requested transmission/receiving tower would be permissible.” In its conclusions of law, the P & Z Commission determined: (1) that Turner’s application for a Special Use Permit “is consistent with the purpose of the C-1 Zone, and is not detrimental to any of the outright permitted uses or existing special uses in the area,” (2) that the proposed use “is consistent with” the Comprehensive Plan and Zoning Ordinance of the City of Twin Falls, (3) that the proposed use “is a proper use in the C-1 Zone” (subject to certain conditions imposed by the P & Z Commission), and (4) that the application “should be granted” subject to the conditions. The City Council essentially used the same language, except for the following minor revisions: (1) the application “is not consistent with the purpose of the C-1 Zone, and may be detrimental” to other uses in the area, (2) the proposed use “is not *214 consistent” with the Comprehensive Plan and Zoning Ordinance of the City of Twin Falls, (3) the proposed use “is not proper use in the C-l Zone,” and (4) the application “should be denied.”
It is understandable that Turner might be somewhat mystified by these two substantially different outcomes. The P & Z Commission determined all issues in favor of Turner, while the City Council determined all issues against Turner. The two entities reached these opposite conclusions on essentially the same evidentiary record. No explanation is provided as to why the substantial turn-about occurred, other than two sentences in the City Council’s finding 5. This type of decision-making process does not inspire confidence; rather, it gave the impression of arbitrariness, whether we are dealing with a review on the record or a de novo review. While I certainly believe that the City Council can make different findings of fact and conclusions of law than its planning and zoning commission, and reach a different outcome, I would require that the City articulate its reasons for departing from the P & Z Commission’s findings and conclusions. This would seem to be an essential ingredient of a reasoned decision. Therefore, I would vacate and remand to the City for this specific purpose.